1  LATHAM & WATKINS LLP
    Katherine A. Lauer (Bar No. 138010)
2   E-mail: katherine.lauer@lw.com
    Jason M. Ohta (Bar No. 211107)
3   E-mail: jason.ohta@lw.com
    Amy Hargreaves (Bar No. 266255)
4   E-mail: amy.hargreaves@lw.com
5  600 West Broadway, Suite 1800
   San Diego, California 92101-3375
6  Telephone: (619) 236-1234
   Facsimile: (619) 696-7419

7  Attorneys for Defendant
   DIAGNOSTIC LABORATORIES AND
8  RADIOLOGY

9
                    **UNITED STATES DISTRICT COURT**
10
                    **CENTRAL DISTRICT OF CALIFORNIA**
11
                         **SOUTHERN DIVISION**
12

13 | UNITED STATES OF AMERICA *ex rel.* JON WILLEM PASQUA and JEFF HAUSER, and STATE OF CALIFORNIA *ex rel.* JON WILLEM PASQUA and JEFF HAUSER, | Case No.: 2:10-CV-00965-JST-RZ |
14 | | |
15 | | **EXPERT DECLARATION OF KEVIN G. McANANEY IN SUPPORT OF DEFENDANT'S REPLY BRIEF FOR MOTION FOR SUMMARY JUDGMENT** |
16 | Plaintiffs, | |
17 | v. | |
18 | KAN-DI-KI, LLC, f/k/a KAN-DI-KI, INC., d/b/a DIAGNOSTIC LABORATORIES AND RADIOLOGY, a California Limited Liability Corporation, | Judge: Hon. Josephine Staton Tucker<br>Courtroom: 10A<br>Date: March 29, 2013<br>Time: 2:30 p.m. |
19 | | |
20 | | |
21 | Defendant. | |

I, Kevin G. McAnaney, declare as follows:

1. I specialize in federal health care fraud and abuse laws and have over 25 years of experience in health law, including substantial experience working in the federal government on the regulatory framework upon which I am opining.

2. I was the Chief of the Industry Guidance Branch of the Office of Counsel to the Inspector General of the United States Department of Health and Human Services ("HHS") from 1997 until 2003. In that position, I was responsible for issuing formal guidance to the regulated community through advisory opinions, fraud alerts and special bulletins, compliance program guidance, and regulations related to the fraud and abuse statutes and regulations enforced by the Office of Inspector General ("OIG"), including the anti-kickback statute, 42 U.S.C. § 1320a-7(b) and the physician self-referral law, 42 U.S.C. § 1395nn (commonly known as the "Stark law"). In that position, I also was a principal author of the 1999 anti-kickback statute "safe harbor" rulemaking, 64 Fed. Reg. 63518 (November 19, 1999), which revised the discount safe harbor.

3. I was the principal author of several advisory opinions, compliance program guidance, and informal "guidance" letters issued by the OIG during my tenure related to the issue of "swapping" discounted business for the referral of federal health care program business. Numerous advisory opinions as well as several informal "guidance" letters are posted on the OIG website that address "swapping." I was the principal author of the proposed rulemaking to implement the "substantially in excess" exclusion authority. I also was the principal author of the Stark Phase I and Phase II rulemakings, 66 Fed. Reg. 856 (January 4, 2001); 69 Fed. Reg. 16054 (March 26, 2004). In addition, I worked closely with the United States Department of Justice ("DOJ") in developing cases involving the anti-kickback statute and Stark law, including the use of such claims as predicates for False Claims Act litigation.

4. Since May 2003, I have specialized my practice on the regulation of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\1296607.2

1

CASE NO. 2:10-CV-00965
EXPERT DECL. OF KEVIN G. McANANEY ISO REPLY BRIEF

Medicare fraud and abuse. I have been retained by the Centers for Medicare and Medicaid, the Office of the Assistant Secretary for Planning and Development in HHS, and the Medicare Payment Advisory Commission, an independent Congressional agency for my expertise in the federal health care fraud law and regulation. I regularly counsel health care entities on the Stark and anti-kickback statute and regulations, including how to structure arrangements to comply with those laws. In particular, I have counseled clients on compliance issues related to contractual arrangements and discounts.

5. Prior to joining OIG, I practiced health and regulatory law in the Dewey Ballantine law firm for 13 years, including 10 years as a partner.

6. I also served from 1981 to 1983 as Assistant Counsel to New York Governor Hugh Carey with principal responsibility for legislation and litigation affecting the health and human services agencies, including the Medicaid program, and from 1980 to 1981 as the Director of Legal Affairs for the New York Hospital.

7. I am currently an adjunct professor at the University of Maryland Law School, a member of the Advisory Board for the Bureau of National Affairs' Health Care Fraud Reporter, and a frequent speaker on health care fraud issues. I am a past member of the Board of Directors of the American Health Lawyers Association ("AHLA"). I am co-chair of the Health Care Fraud & Compliance Forum, sponsored by the AHLA and the Health Care Compliance Association.

8. I have been qualified at trial as an expert on the reasonableness of interpretation of the anti-kickback statute. The matters in which I have given deposition or trial testimony as an expert witness in the last four years are set forth in Exhibit 1 to this report.

9. I have been engaged by counsel as an expert witness to provide my opinion on Relators' anti-kickback statute and False Claims Act allegations in this case. I am being compensated for my time at a rate of $500 per hour for my services.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\1296607.2

2

CASE NO. 2:10-CV-00965
EXPERT DECL. OF KEVIN G. McANANEY ISO REPLY BRIEF

10. Based on my knowledge and experience in the health care legal industry, Relators' position that the Medicare Fee Schedule is equivalent to fair market value is incorrect. The Medicare Fee Schedule is not a reliable proxy for fair market value. The Medicare Fee Schedule is merely a list that stipulates the maximum amount Medicare has agreed to pay its contracted Medicare providers and suppliers for their services and products. As OIG has recognized, the Medicare Fee Schedule is calculated and updated using methods that do not adequately capture prevailing market rates for the same items or services. Fair market value is, by definition, what others in the market charge for similar items or services.

11. Based on my knowledge and experience in the health care legal industry, Relators' position that definition of "fair market value" in the physician self-referral statute (commonly known as the Stark Law) regulation applies to the anti-kickback statute is patently wrong. The Stark Law and the AKS law are different laws with very different purposes. For purposes of the AKS, the OIG regulations consistently refer to "fair market value in arms-length transactions" without any restriction. *See, e.g.*, 42 C.F.R. § 1001.952(b)(5), (c)(5), (d)(5). When the OIG intended to modify the usual and customary definition of "fair market value," it did very specifically. *See, e.g.*, 42 C.F.R. § 1001.952(b)(6), (c)(6).

12. Relators are conflating two separate conditions in the OIG safe harbors. In order to qualify for many safe harbors, the compensation must be both (i) fair market value and (ii) not determined in a manner that takes into account the value or volume of referrals. But these are clearly separate criteria. For purposes of determining whether a transaction is fair market value, the relevant inquiry is what participants in the market are paying for comparable services.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\1296607.2

3

CASE NO. 2:10-CV-00965
EXPERT DECL. OF KEVIN G. McANANEY ISO REPLY BRIEF

1  13.  I declare under penalty of perjury under the laws of the United States
2  that the foregoing is true and correct, and that this declaration was executed on this
3  15th day of March, 2013, in Bethesda, Maryland.

*/s/ Kevin G. McAnaney*
Kevin G. McAnaney

LATHAM&WATKINS<sup>LLP</sup>  SD\1296607.2
ATTORNEYS AT LAW
SAN DIEGO

4

CASE NO. 2:10-CV-00965
EXPERT DECL. OF KEVIN G. McANANEY ISO
REPLY BRIEF

# EXHIBIT 1

Kevin McAnaney

EXPERT WITNESS TESTIMONIAL EXPERIENCE (Last Four Years)

1. Confidential arbitration between Hospital and Medical School, Deposition and Testimony

2. United States ex rel Repko v. Guthrie Clinic, Ltd., et al., United States District Court, Middle District of Pennsylvania, No. 3:CV-04-1556, Deposition

3. Doucet v. Acadiana Otolaryngology Head & Neck Surgery, LLC, American Health Lawyer Assn. ADR Case No. A-072908-652, Testimony

4. CSAS/UHHS-Canton, Inc. d/b/a Mercy Medical Center v. Aultman Health Foundation, Stark County (Ohio), Common Pleas Case No. 2007-CV-05277, Deposition

5. Reed, et al. v. Memorial Hermann Surgery Center The Woodlands, Inc., District Court of Montgomery County, Texas, Cause No. 07-07-07125-CV, Deposition

6. United States ex rel Jamison v. McKesson Corp, et al, United States District Court, Northern District of Mississippi, Case No. 2:08cv0214-SA-DAS, Deposition

7. Pittsburgh SNF, LLC, et al. v. Pharmerica East, Inc., United States District Court, Eastern District of Texas (Marshall Div.), Case No. 2:10-CV-363, Deposition