1  **KAMALA D. HARRIS**
   Attorney General of California
2  JENNIFER S. GREGORY (SBN 228593)
   Deputy Attorney General
3  Jennifer.Gregory@doj.ca.gov
   CALIFORNIA DEPARTMENT OF JUSTICE
4  Bureau of Medi-Cal Fraud & Elder Abuse
   1425 River Park Drive, Suite 300
5  Sacramento, California 95815
   Tel.: (916) 263-2516 / Fax: (916) 274-2929
6
   *Attorneys for the State of California*
7

8  NIALL P. McCARTHY (SBN 160175)
   nmccarthy@cpmlegal.com
9  JUSTIN T. BERGER (SBN 250346)
   jberger@cpmlegal.com
10 **COTCHETT, PITRE & McCARTHY, LLP**
   840 Malcolm Road
11 Burlingame, California 94010
   Tel: (650) 697-6000 / Fax: (650) 692-3606
12
   *Attorneys for Relators Jon Willem Pasqua*
13 *and Jeff Hauser*

14
                  **IN THE UNITED STATES DISTRICT COURT**
15
                 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
16
                            **SOUTHERN DIVISION**
17

| | |
|---|---|
| 18  **UNITED STATES OF AMERICA** *ex rel.* **JON WILLEM PASQUA** and **JEFF HAUSER**, and **STATE OF CALIFORNIA** *ex rel.* **JON WILLEM PASQUA** and **JEFF HAUSER**,<br><br>Plaintiffs,<br><br>vs.<br><br>**KAN-DI-KI, LLC, f/k/a KAN-DI-KI, INC., d/b/a DIAGNOSTIC LABORATORIES AND RADIOLOGY**, a California Limited Liability Corporation,<br><br>Defendant. | Case No. 2:10-CV-00965-JST-RZ<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* #2 TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing date: April 26, 2013<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Josephine Staton Tucker<br><br>Trial date: May 14, 2013 |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on April 26, 2013 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Josephine Staton Tucker in Courtroom 10A of the above-captioned Court, Plaintiffs will and hereby move to exclude the testimony of Robert Suer at trial.

The motion will be based on this Notice of Motion and Motion *in Limine* to Exclude the Testimony of Robert Suer, the Memorandum of Points and Authorities in Support thereof, and the Declaration of Justin T. Berger in support thereof; and upon such other evidence, oral or documentary, as may be introduced at the hearing of on this matter, and all briefs, papers and records on file in this action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 19th, 21st, and 27th, 2013.

Dated: March 29, 2013     **KAMALA D. HARRIS**

By: */s/ Jennifer S. Gregory*
JENNIFER S. GREGORY

*Counsel for the State of California*

Dated: March 29, 2013     **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Justin T. Berger*
JUSTIN T. BERGER

*Counsel for Relators Jon Willem Pasqua and Jeff Hauser*

LAW OFFICES
COTCHETT,
PITRE, &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ       1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On January 8, 2013, Plaintiffs deposed Robert Suer, the former head of sales and marketing for Diagnostic Laboratories ("DL"). Mr. Suer invoked his Fifth Amendment rights and refused to answer any questions. Plaintiffs were thus prevented from gathering key information from a key actor in this case. In accordance with well-established Ninth Circuit law, Plaintiffs now move to prevent Mr. Suer from ambushing Plaintiffs at trial with surprise testimony[1]. *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial").

Mr. Suer was a Senior Vice President at DL from at least September 2002 until approximately September 2008. DL, through its Rule 30(b)(6) witnesses, has testified that Mr. Suer was in control of all pricing and write-off decisions during his tenure at DL. Because Defendant has assigned much of the responsibility for its pricing practices to Mr. Suer, precluding Mr. Suer from testifying at trial is especially warranted, in order to prevent a prejudicial effect from Mr. Suer's circumvention of the discovery process[2].

---

[1] Prior to filing this motion, Plaintiffs met and conferred with defense counsel to discuss the contents of this motion on March 21, 2013. The parties were unable to come to an agreement, necessitating the filing of this motion.

[2] Plaintiffs also intend to request a jury instruction allowing the jury to draw a negative inference from Mr. Suer's invocation of his Fifth Amendment rights. *See Baxter v. Palmigiano*, 425 U.S. 308 (U.S. 1976). It is proper to allow a negative inference from the invocation of the Fifth Amendment to avoid discovery. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 911-12 (9th Cir. 2008)"[T]o the extent that the policies underlying the [Fifth-Amendment] privilege permit the trier of fact to know when a party has invoked it, ... **they likewise allow evidence of a non-party's refusal to testify**..." *Rad Services, Inc. v. Aetna Casualty & Surety Co.*, 808 F.2d 271, 275 (3d Cir. 1986) (emphasis added).

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ     2

## II. MR. SUER'S TESTIMONY

Mr. Suer's testimony primarily consisted of his invocation of the Fifth Amendment[3]. A true and correct copy of Mr. Suer's deposition transcript is provided as an attachment to the concurrently filed Declaration of Justin T. Berger ("Berger Decl.") On each of the relevant issues in this case, Mr. Suer did not testify. For example:

> Q. During your tenure at Diagnostic Labs, Diagnostic Labs routinely gave discounts to its customers on Medicare Part A business in order to induce the referral of Medicare Part B and Medi-Cal business from those customers. Correct?
>
> A. I take the Fifth.

Berger Decl., Exhibit A (Suer Depo.) at 10:9-14.

> Q. You personally approved those discounts knowing that they were intended to induce the referral of Medicare Part B and Medi-Cal business. Correct?
>
> A. Take the Fifth.
>
> Q. But you always did so with the full authority and knowledge of Diagnostic Labs' owners. Correct?
>
> A. I take the Fifth.
>
> Q. During Don Goldberg's ownership of Diagnostic Laboratories, he knew that you were providing below cost discounts to induce the referral of Medicare Part B and Medi-Cal business. Correct?
>
> A. Oh. I'm sorry. I take the Fifth.
>
> Q. During Jason -- Dr. Jason Liu's ownership of Diagnostic Laboratories, he knew that you were providing below cost discounts to induce the referral of Medicare Part B and Medi-Cal business. Correct?
>
> THE WITNESS: I take the Fifth.

Berger Decl., Exhibit A (Suer Depo.) at 11:10-12:14.

---

[3] Mr. Suer did answer a handful of questions regarding whether the signatures on the exhibits were actually his. Plaintiffs' handwriting expert has determined that Mr. Suer was not entirely truthful when answering even those few questions.

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ       3

| | | |
|---|---|---|
| 1 | Q. | In addition to providing discounts as inducements, Diagnostic Labs routinely forgave customer debt in order to induce those customers to continue referring their Medicare Part B andMedi-Cal business to Diagnostic Laboratories. Correct? |
| 4 | THE WITNESS: | Should I answer? I take the Fifth. |

Berger Decl., Exhibit A (Suer Depo.) at 22:2-7; 22:11-12.

| | | |
|---|---|---|
| 6 | Q. | You had discussions with Don Goldberg during your tenure at Diagnostic Laboratories regarding the fact that providing discounts in order to induce the referral of Medicare and Medi-Cal business violated the federal and state anti-kickback laws. Correct? |
| 9 | A. | I take the Fifth. |
| 10 | Q. | And you had discussions with Dr. Jason Liu during your tenure at Diagnostic Laboratories regarding the fact that providing discounts in order to induce the referral of Medicare and Medi-Cal business violated the federal and state anti-kickback laws. Correct? |
| 13 | A. | I take the Fifth. |

Berger Decl., Exhibit A (Suer Depo.) at 21:3-16.

| | | |
|---|---|---|
| 15 | Q. | During your time at Diagnostic Laboratories, did Diagnostic Laboratories ever take any action to ensure its compliance with California Medi-Cal's low price rule found at Section 51501 of Title 22 of the California Code of Regulations? |
| 18 | A. | I take the Fifth. |
| 19 | Q. | You were aware of the regulation I just cited during your tenure at Diagnostic Laboratories. Correct? |
| 21 | A. | I take the Fifth. |
| 22 | Q. | And you had discussions with Don Goldberg and Dr. Jason Liu regarding California's low price rule. Correct? |
| 23 | A. | I take the Fifth. |

Berger Decl., Exhibit A (Suer Depo.) at 23:21-24:12.

| | | |
|---|---|---|
| 25 | Q. | Just so we have a clear record. Diagnostic Laboratories on multiple occasions charged Medi-Cal more than Diagnostic Labs charged its other customers for the same services under comparable circumstances. Correct? |

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ            4

1    A.    I take the Fifth.

Berger Decl., Exhibit A (Suer Depo.) at 24:21-25:1.

## III. LEGAL STANDARD

"Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008)*; see also*, *Chevron U.S.A. Inc. v. M&M Petroleum Servs.*, No. SACV 07-818 DOC (ANx), 2008 U.S. Dist. LEXIS 106045, *14 (C.D. Cal. Dec. 30, 2008) ("if he properly invokes the Fifth during... his deposition, he cannot later waive the privilege and provide answers to the same or similar incriminating questions at trial without the consequence of an adverse inference"); *SEC v. Secure Inv. Servs.*, No. 2:07-cv-01724-GEB-CMK, 2009 U.S. Dist. LEXIS 28475, *6-7 (E.D. Cal. Apr. 3, 2009) (noting that hiding behind the Fifth Amendment during discovery forfeits the right to later present opposing evidence).

Precluding a witness from testifying at trial after invoking the Fifth Amendment protects the deposing party from prejudice arising from the avoidance of the discovery process. A witness may not use "the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial." *Richards*, 541 F.3d at 910 (citation omitted).

## IV. ANALYSIS

Should Mr. Suer be allowed to testify at trial, Plaintiffs will be greatly prejudiced. "A belated waiver of privilege may disadvantage an opposing party because '[t]he opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted.'" *SEC v. Fuhlendorf*, No. C09-1292 MJP, 2010 U.S. Dist.

---

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ          5

LEXIS 60565, *3 (W.D. Wash. May 25, 2010) (quoting *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 191 (3d Cir. 1994).)

Here, DL has testified through its Rule 30(b)(6) experts that Mr. Suer was granted exclusive authority over pricing, discounts, and write-offs during significant portions of the relevant time period. *See, e.g.,* Berger Decl., Exhibit B (Navarro Depo.) at 143:24-144:1. For example, as excerpted below, Rick Navarro, one of the witnesses designated by DL to testify on its behalf under Rule 30(b)(6), testified that Mr. Suer was essentially in control of all pricing decisions when DL was owned by Don Goldberg and Jason Liu as follows:

> Q. Was Bobby Suer still essentially in control of all pricing decisions?
>
> A. Absolutely.

Berger Decl., Exhibit B (Navarro Depo.) At 143:24-144:1

Accordingly, Plaintiffs have been denied a "full and equal discovery" and are particularly susceptible to "surprise, prejudice and purjury" at trial. *Richards,* 541 F.3d at 910. Mr. Suer's refusal to provide information that is nearly exclusively in his control has already damaged Plaintiffs' ability to pursue their case and sheltered DL from a full and fair evaluation of its prior business practices.

Allowing Mr. Suer to testify now would dramatically upset the ordinary progression of litigation. Mr. Suer would testify with the full benefit of the pre-trial process, having seen a large portion of Plaintiffs' case while obfuscating his own participation in the alleged scheme. Plaintiffs would be deprived of the chance to fight any "surprise, prejudice, or perjury" contained in his trial testimony, greatly rewarding a distorted use of the Fifth Amendment. *Richards,* 541 F.3d at 910.

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ      6

## V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court preclude Mr. Suer from testifying at trial or otherwise offering any statement or evidence in this case.

Dated: March 29, 2013         **KAMALA D. HARRIS**

By: */s/ Jennifer S. Gregory*
         JENNIFER S. GREGORY

*Counsel for the State of California*

Dated: March 29, 2013         **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Justin T. Berger*
         JUSTIN T. BERGER

*Counsel for Relators Jon Willem Pasqua and Jeff Hauser*

LAW OFFICES
COTCHETT,
PITRE, &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ROBERT SUER; MPA IN SUPPORT THEREOF**; Case No. 2:10-CV-00965-JST-RZ                          7